Bill Robins III
**ROBINS CLOUD LLP**
2000 West Loop South, Suite 2200
Houston, TX 77027
Tel: (713) 650-1200 / Fax: (713) 650-1400
robins@robinscloud.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA ALVARADO, <br><br> Plaintiff, <br><br> v. <br><br> PFIZER, INC., McKESSON CORPORATION, <br><br> Defendants. | Case No. 2:14-cv-01843-SVW-FFM <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT PFIZER, INC.'S STATUS REPORT AND REQUEST FOR STATUS CONFERENCE CONCERNING CALIFORNIA LIPITOR [STATE COURT] ACTIONS** |

California State Court Plaintiff Sylvia Alvarado (Alvarado), agrees with Defendant Pfizer, Inc. that this Court should hold a status conference concerning the California Lipitor state court actions at the Court's earliest convenience. Alvarado files this brief response to Pfizer's Status Report to clarify misleading statements Pfizer made in its Status Report (which Pfizer filed without consulting Alvarado or any other of the California State Court Plaintiffs).

-1-
PLAINTIFF'S RESPONSE TO DEFENDANT PFIZER'S STATUS REPORT
REGARDING CALIFORNIA STATE COURT ACTIONS

***First, the only issue that this Court needs to address at the initial status conference is subject matter jurisdiction under CAFA***: Pfizer's Status Report neglects to advise this Court that the MDL judge has already decided every issue raised by the California State Court Plaintiffs, including Alvarado, in their remand motions and has decided those issues against Pfizer. *See* MDL CMO 87 (remand decision in most California Lipitor State Court Actions) (a true and correct copy of CMO 87 is attached to this pleading as Exhibit A). The reason the cases are back before this Court now is because Judge Gergel properly concluded that it would be improper for the MDL court, having decided that no other basis for federal jurisdiction exists in these cases except possibly CAFA mass action jurisdiction, to address CAFA mass action jurisdiction. This is because 28 U.S.C. section 1332(D)(11)(C)(i) precludes transfer of mass tort actions like this one into an MDL unless a majority of Plaintiffs agree to such transfer, which did not happen here. Accordingly, the sole issue for this Court at this time is whether federal subject matter jurisdiction exists under CAFA's mass action provision. Because such jurisdiction does not exist, the proper result will be for this Court, having resolved the CAFA jurisdiction issue, to send these cases back to California state court where they should have been all along.

***Second, the California actions were stayed throughout the entire time they were pending in the MDL***: Pfizer's Status Report misleadingly refers to expert witness and dispositive motion proceedings in the MDL as if those decisions have some bearing on the California Lipitor State Court Actions. They do not. The California Lipitor State Court Actions were stayed in their entirety[1]

---

[1] With the sole, sensible exception that the California State Court Plaintiffs were required to participate in depositions of common witnesses.

-2-
PLAINTIFF'S RESPONSE TO DEFENDANT PFIZER'S STATUS REPORT
REGARDING CALIFORNIA STATE COURT ACTIONS

throughout the time they were in the MDL court awaiting disposition of motions to remand concerning federal subject matter jurisdiction. *See* MDL CMO 10 (docket number 292 in the MDL, entered June 27, 2014) (a true and correct copy of MDL CMO 10 is attached to this pleading as Exhibit B). Pfizer's references to Daubert motions and summary judgment proceedings in the MDL, therefore, are at best a red herring (indeed, in Lipitor State Court proceedings in Missouri, the Daubert decisions went against Pfizer). Alvarado suspects that Pfizer offered these references to certain MDL proceedings when it did, at the outset and without consulting with any California State Court Plaintiff, to attempt to create the misimpression that these cases arrive now in California starting at almost the finish line, when in fact the cases have not even gotten out of the starting block because they have been in a holding pattern for nearly three years due to Pfizer's wrongful removal.[2]

Dated: January 3, 2017.                     Respectfully submitted,

**ROBINS CLOUD LLP**

/s/ <u>Bill Robins III</u>
Bill Robins III
2000 West Loop South, Suite 2200
Houston, TX 77027
Tel: (713) 650-1200 / Fax: (713) 650-1400
robins@robinscloud.com

*Attorneys for Plaintiff*

---

[2]   Alvarado notes that this response is not being filed on behalf of all California State Court Plaintiffs but solely as to Alvarado. All California State Court Plaintiffs may (or may not) file a separate response to Pfizer's misleading Status Report.

-3-
PLAINTIFF'S RESPONSE TO DEFENDANT PFIZER'S STATUS REPORT
REGARDING CALIFORNIA STATE COURT ACTIONS

# CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 3, 2017.                    Respectfully submitted,

**ROBINS CLOUD LLP**

By: <u>Bill Robins III</u>
Bill Robins III
2000 West Loop South, Suite 2200
Houston, TX 77027
Tel: (713) 650-1200 / Fax: (713) 650-1400
robins@robinscloud.com

*Attorneys for Plaintiff*